IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,967-01






EX PARTE CLIFFORD WARD FUTCH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 17666 IN THE 2ND DISTRICT COURT


FROM CHEROKEE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of bail jumping and
failure to appear and sentenced to twenty-five years' imprisonment. He did not appeal his conviction.

 Applicant contends in his second ground that the plea agreement was breached because he
pleaded guilty in exchange for 750 days of pre-sentence credit and is receiving only 587 days of pre-sentence credit. Applicant has alleged facts that, if true, might entitle him to relief. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant pleaded guilty in exchange
for 750 days of pre-sentence credit and, if so, whether this plea agreement was breached because the
Texas Department of Criminal Justice is crediting Applicant with only 587 days. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: June 22, 2011

Do not publish